**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-2238**

BRENDA MVENG-WHITTED,

                    Plaintiff - Appellant,

          and

LAWRENCE HAWTHORNE,

                    Plaintiff,

               v.

THOMAS LAROSE, Individually and in his official capacity as
Chairperson of the Art Department of Virginia State
University; VIRGINIA STATE UNIVERSITY,

                    Defendants - Appellees,

          and

DR. WELDON HILL,

                    Defendant.


Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   John A. Gibney, Jr.,
District Judge. (3:11-cv-00842-JAG-MHL)


Submitted: April 28, 2014              Decided: May 1, 2014


Before WILKINSON, MOTZ, and THACKER, Circuit Judges.


Affirmed by unpublished per curiam opinion.

Josephine S. Miller, LAW OFFICE OF JOSEPHINE SMALLS MILLER, East Hartford, Connecticut; Samuel H. Woodson, III, LAW OFFICE OF S.H. WOODSON, III, Alexandria, Virginia, for Appellant. Mark R. Herring, Attorney General of Virginia, Rhodes B. Ritenour, Deputy Attorney General, Peter R. Messitt, Ronald N. Regnery, Senior Assistant Attorneys General, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brenda Mveng-Whitted appeals the district court's order granting the Defendants' motion for summary judgment on her employment discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, as amended, and her remaining claim under 42 U.S.C. § 1981 (2006).[*] On appeal, she contends that the district court erred in granting summary judgment to the Defendants based on the evidence. We affirm.

We review whether a district court erred in granting summary judgment de novo, applying the same legal standards as the district court and viewing the evidence in the light most favorable to the nonmoving party. Martin v. Lloyd, 700 F.3d 132, 135 (4th Cir. 2012). A court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation and

---

[*] The district court previously dismissed her § 1981 claim against Virginia State University based on sovereign immunity.

internal quotations omitted). "The nonmoving party cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another," Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008) (citation and internal quotations omitted), and she cannot defeat summary judgment with merely a scintilla of evidence, Am. Arms Int'l v. Herbert, 563 F.3d 78, 82 (4th Cir. 2009). Rather, she "must produce some evidence (more than a scintilla) upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Othentec Ltd., 526 F.3d at 140 (citations and internal quotations omitted).

We have reviewed the record and the parties' briefs, and we conclude that the district court did not err in granting summary judgment to the Defendants. Accordingly, we affirm for the reasons stated by the district court. See Mveng-Whitted v. Larose, No. 3:11-cv-00842-JAG-MHL (E.D. Va. Sept. 12, 2013); see also Adams v. Trustees of the Univ. of N.C.-Wilmington, 640 F.3d 550, 557-60 (4th Cir. 2011). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4